```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

United States of America,      :

     Plaintiff,              :

  v.                           :    Case No. 2:11-mj-0759

Noe Fabian Franco-Villalvazo,  :    Magistrate Judge Kemp

     Defendant.              :

<u>DETENTION ORDER</u>

The defendant, Noe Fabian Franco-Villalvazo, accompanied by counsel, appeared for a preliminary hearing and detention hearing on October 4, 2011. After the hearing, the Court decided that the defendant should be detained pending further proceedings. This order explains why.

On September 23, 2011, defendant was charged in a criminal complaint with possession with intent to distribute a controlled substance (approximately 1,500 grams of heroin). As discussed below, the Court found probable cause at the a preliminary hearing. That finding gives rise to a presumption of detention, explained as follows.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an

> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high

monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The United States called one witness at the hearing, Task Force Officer Austin Francescone, who testified that the defendant has been the subject of an ongoing investigation into heroin trafficking at the El Mariachi restaurant located on East Main Street.  Information from a confidential source also indicated that defendant might have a firearm.  Investigators approached the defendant on September 23, 2011, as he was leaving his apartment, and after a "stop and frisk" they found heroin on his person.  A state search warrant was then obtained, and additional heroin, along with other evidence of drug trafficking, was found in his apartment.  A reasonable person could find from

this testimony that defendant committed the crime he is charged with, so the Court made a probable cause finding based on that evidence.

The Court also received a brief memorandum from Pretrial Services. It appears that the defendant is in the United States illegally and has been deported once before. There is also an immigration detainer lodged against him.

Here, in addition to the presumption in favor of detention created by the probable cause finding, the Court notes that the evidence against the defendant is strong and that he is facing significant prison time if convicted. His immigration status is also a negative factor. The Court has no evidence to evaluate concerning his ties to the community or employment history. Given all of these factors, detention appeared to be the only option.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge